UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01261-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Doc. 11)<br><br>**14-DAY OBJECTION PERIOD** |

On September 10, 2021, Plaintiff filed a motion for temporary restraining order, preliminary injunction, and consolidation[1] of other actions. (Doc. 11.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.   INTRODUCTION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this action on August 19, 2021. (Doc. 1.)

---

[1] It appears Plaintiff seeks to consolidate a pending habeas corpus action and another pending civil rights action with this civil rights action. (Doc. 11 at 1 [referencing case numbers 2:21-cv-00902 & 2:21-cv-00966].) Such a consolidation would be improper. *See Malone v. Calderon*, 165 F.3d 1234, 1236-37 (9th Cir. 1999) (declining to consolidate federal habeas and civil rights actions, stating that "the risk of confusion of the issues inherent in consolidation of the habeas and civil rights cases weighs against consolidation"). Moreover, the habeas corpus action, case number 2:21-cv-00902, was dismissed on October 28, 2021, and Plaintiff's related appeal to the Ninth Circuit was also dismissed on March 30, 2022. As to case number 2:21-cv-00966, that matter is pending before the Sacramento Division of this Court and involves both different claims and different defendants.

In his motion for temporary restraining order, Plaintiff contends he is not being provided adequate medical care at Kern Valley State Prison (KVSP) "due to prison official's misconduct and medical staff violation of Plaintiff Khademi's right to medical." (Doc. 11 at 1.) Plaintiff contends he suffers from a head injury and the nurse practitioner and nurse "are not following the request by prisoner Khademi Davood regarding his condition." (*Id*.) He further contends he is being housed in "ADSEG in the Hol[e]" and is not provided "adequate food nor good time credit or any alternative custody program." (*Id*.) Plaintiff contends his rights to be free from cruel and unusual punishment and harassment are being violated by KVSP staff's retaliation. (*Id*.) He states he is "in danger of los[]ing his house and business out[side] of the United States" and that his family relies on his support. (*Id*.) Plaintiff contends he will suffer from "irreparable harm and imminent injury" if the Court "fails to appoint" an investigator or counsel. (*Id*. at 1-2.) Plaintiff states he "is an attorney from a foreign country and educated in medical, industry," his "current situation prevents Khademi while prison does not provide an adequate kosher or halal … or medical" requested. (*Id*. at 2.) Plaintiff contends that without the appropriate diet he is unable to "function well," leading to low levels of magnesium, serotonin, and other chemical imbalances. (*Id*.)

Plaintiff further contends he has been denied prescription medications despite having explained to "mental health workers" that if his needs are not addressed it "imminently can lead to other mental health factors." (*Id*.) Plaintiff contends he is not permitted to use the "adiquate upgrated" law library and is only provided five pieces of paper and five envelopes a week. (*Id*. at 3.) He further contends he has not been "given any walker due to sciatica, nerve pain" and is unable to walk or exercise. (*Id*.)

Plaintiff requests "this Court to order to show cause and inform the Plaintiff Khademi Davood of his hearing if the date changed in court calendar also if Plaintiff … released from custody soon Plaintiff will appear to Court in person or via Internet." (*Id*.) Plaintiff requests "oral testimony and will move the U.S.D.C. to file a motion to subpoena all witnesses." (*Id*.) Plaintiff requests a preliminary injunction and "and demand this court for all the grounds and facts provided above, to set aside the information and imminent response by the Defendants counsel,

2

and the Magistrate Judge Sheila K. Oberto to comply with 28 U.S.C. § 636(c)(1), or Rule 7(2) Federal evidentiary hearing to be set regarding the request for appointment of investigator as Plaintiff Khademi's condition." (*Id.*)

## II.   MOTION FOR TEMPORARY RESTRAINING ORDER

### A.   Applicable Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."[2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

---

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

3

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

      B. <u>Analysis</u>

        *1. Jurisdictional Issues*

Although not entirely clear, it appears Plaintiff seeks an order of this Court directing the KVSP to provide Plaintiff with certain medical tests, care and medications, a kosher or halal diet, and to cease retaliating against Plaintiff. Other than vague references to unnamed medical personnel, Plaintiff identifies only "lutenent Phillpot" for an issue concerning "the incident log." (Doc. 11.)

In his complaint,[3] Plaintiff names North Kern State Prison, Sgt. J. Franco, Correctional Officer T. Soares, Warden Kelly Santoro, and Physician Lundsford as defendants. (Doc. 1.) In the instant motion, however, Plaintiff refers to KVSP, rather than North Kern State Prison. In any event, no defendant has been served with the complaint, nor has any defendant entered an appearance in the action.

Additionally, Plaintiff does not describe what any person other than Lieutenant Phillpot is doing, why Plaintiff thinks their behavior is retaliation, or what Plaintiff believes any person is retaliating against. Plaintiff's vague references to harassment are insufficient. Plaintiff has not provided any evidence in support of his motion beyond claiming his contentions are true and correct facts. (Doc. 11 at 3.)

Lastly, the Court notes that on September 23, 2001, Plaintiff filed a change of address indicating he was then incarcerated at Salinas Valley State Prison. (Doc. 12.) On February 2, 2022, Plaintiff filed another change of address indicating he is now housed at Atascadero State

---

[3] Plaintiff's complaint has not yet been screened. 28 U.S.C. § 1915A.

Hospital (Doc. 15.) Therefore, the instant motion no longer involves persons or parties having any day-to-day interaction with Plaintiff because the individuals complained of in the motion concerning Plaintiff's medical care, diet and other concerns are no longer providing that care. Nor could those persons be said to be retaliating or harassing Plaintiff at this time.

In the absence of information establishing the Court has both personal jurisdiction and subject matter jurisdiction, emergency injunctive relief is unavailable. *See Murphy Bros., Inc.*, 526 U.S. at 350 (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"); *Hitchman Coal & Coke Co.*, 245 U.S. at 234-35 ; *Pac. Radiation Oncology, LLC*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction").

For the reasons set forth above, injunctive relief is unavailable.

### 2. The Merits

Even assuming there was personal jurisdiction and subject matter jurisdiction, Plaintiff has not shown that he is likely to succeed on the merits, or that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter,* 555 U.S. at 20.  In fact, Plaintiff offers nothing to show he is likely to succeed on the merits of his claims,[4] and makes no argument nor offers any exhibit or affidavit in that regard. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d at 1131.

Additionally, Plaintiff has made no showing that the balance of equities tips in his favor, or that the injunction he seeks is in the public interest. *Glossip v. Gross*, 576 U.S. at 876.

In sum, Plaintiff fails to meet the criteria required for issuance of a temporary restraining order or permanent injunction and the undersigned will recommend the request be denied.

**IV.     RECOMMENDATION AND ORDER**

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's motion for a temporary restraining order (Doc. 11) be DENIED.

---

[4] Because the Court has not yet screened Plaintiff's complaint, it remains unclear whether Plaintiff has stated a cognizable claim or claims against any named defendant.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:   **April 27, 2022**                        /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE