UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>                    Plaintiff,<br><br>          v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>                    Defendants. | Case No. 1:21-cv-01261-DAD-SKO (PC)<br><br>**ORDER DENYING MOTION TO SET ASIDE THE INFORMATION**<br><br>(Doc. 13)<br><br>**ORDER DENYING MOTION TO APPOINT EXPERT AND INVESTIGATOR AND/OR ATTORNEY**<br><br>(Doc. 14) |

Plaintiff is proceeding *pro se* and *in forma pauperis* this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

On November 4, 2021, Plaintiff filed a "Notice of Motion to Set Asid[e] the Information Pursu[a]nt to the (Fed. R. Civ. P.) 230(2) Rule 23." (Doc. 13.) On December 16, 2021, Plaintiff filed a "Notice of Motion for Appointment of an Expert Psychologist (Fronsic) and an Appointment of an Investigator or Appointment of an Attorney Not Volunteer but Instea[d] Specialized from Federal Gov Pursuant to 28 U.S.C. § 1915(e)(1)." (Doc. 14.)

**II.    MOTION TO SET ASIDE THE INFORMATION**

In his motion, which only refers to setting aside an information in the title, Plaintiff contends he was assaulted on May 28, 2021, by Sergeant Franco and that "Blanco and Mattcaff

1  and [illegible]" failed to protect him. (Doc. 13 at 1.) Plaintiff contends he was not provided with a
2  medical examination until one week later. (*Id*.) He further contends that "Defendants Sanchez
3  property officer and Lutenent I. Gomez lost" his phone and property that included "very
4  important patent (utility) inv[e]ntion information." (*Id*.) Plaintiff filed a grievance, but North Kern
5  State Prison officials claimed he refused to sign it, noting there was no orientation "given to any
6  inmate upon arrival." (*Id*.) Although less than clear, Plaintiff further contends prison officials
7  "knowingly did not mon[itor] any names of th[ose] transporting deputys which had" Plaintiff in
8  custody "from Placer County Jail" despite filing an incident report involving battery on a peace
9  officer, leading to Plaintiff's inability to subpoena the transportation deputies for his "RVR
10 hearing." (*Id*.) Plaintiff contends that misconduct led to his being found guilty and involuntarily
11 medicated. (*Id*. at 1-2.) Plaintiff claims his case "warrants the imminent hearing by this Court"
12 because his "utility patent inv[e]ntion is in danger of [being] stolen by one at any time while the
13 United States of American is the real ben[e]fic[i]al party from this inv[e]ntion." (*Id*. at 2.)
14 Plaintiff contends "the SVSP officials C/Os used unnecessary force on 9/23/2021" when they
15 entered his cell and "stol[e] some other written inv[e]ntion (utility) patent" documentation he had
16 been working on for the previous six months. (*Id*.) Plaintiff sustained "all injury's and the medical
17 did not even [take] the mask off Plaintiff Khademi head to examin[e] him for injuries." (*Id*.)
18 Plaintiff contends he "will sustain" irreparable injury "which is imminent and in danger of loss of
19 both while the business and all income and other factors are relevant." (*Id*.)

20      To the extent Plaintiff seeks "to set aside the information," the Court notes no information
21 has been filed in the instant action, and there is nothing to set aside in this proceeding. Even
22 assuming Plaintiff is referring to an information in a current state court proceeding, such a motion
23 is filed in the trial court pursuant to California Penal Code section 995, not in a federal civil rights
24 action filed in the district court.  In a habeas corpus action, generally the writ of habeas corpus
25 will not extend to one awaiting trial unless special circumstances exist to reveal an absence of
26 state processes effective to protect a federal right. *See Ex parte Royall*, 117 U.S. 241, 245–254
27 (1886); *Fay v. Noia*, 372 U.S. 391, 420 (1963), overruled in part by *Wainwright v. Sykes*, 433
28 U.S. 72 (1977) and *Coleman v. Thompson*, 501 U.S. 722 (1991). Federal courts will not interfere

with pending state criminal proceedings unless the habeas corpus petitioner has exhausted all state court remedies with respect to the claim raised. *See Mannes v. Gillespie*, 967 F.2d 1310, 1311–1312 (9th Cir. 1992).

To the extent Plaintiff seeks an evidentiary hearing concerning the loss of his phone and documents related to a patent, the loss of Plaintiff's property—a phone and written documentation—is in no way related to the claims asserted in his pending complaint. In any event, a request for an evidentiary hearing is premature where Plaintiff's complaint has not yet been screened and no defendant has appeared in the action.

In sum, there is no information to set aside, an evidentiary hearing is premature, and the subject of the requested evidentiary is unrelated to the circumstances giving rise to Plaintiff's complaint.

### III.     MOTION FOR THE APPOINTMENT OF A PSYCHOLOGICAL EXPERT AND AN INVESTIGATOR OR AN ATTORNEY

Plaintiff's motion includes many of the same contentions, (*see* Doc. 14 at 1-2), which are included in his other motion described above, along with several contentions that are improbable. For example, Plaintiff contends the "system" blames him for being " a party or planned for [illegible] attack of US oil pipe lines in the county jail" (*id*. at 3), that they "wanted to accuse Plaintiff to work hard for U.S. Gov. in the past knowing many senators and been very depressed on the day that Prince Philip in United Kingdom had past away on or about the April 2021 while it was live in Fox TV (*id*.), and that U.S. intelligence "wanted to accuse Plaintiff of having some contact with U.S. Gov at the time of Hormoz attack of US Drown in 2019-2020" (*id*.). Plaintiff further alleges inadequate medical care during his incarceration at Salinas Valley State Prison. (*Id*. at 4.)

Plaintiff concludes "[t]hese indications warrants appointment of an expert forensic psychologist and the appointment of an attorney in the Gov expenses of Appointment of an investigator in the state expenses of federal expenses." (*Id*.) Plaintiff provides a copy of an Incident Report concerning events of May 28, 2021, Log Number 22962, and a CT report following an examination of November 10, 2021. (*Id*. at 5-8.)

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). In "exceptional circumstances," however, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist and here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff's complaint asserts an Eighth Amendment claim for excessive force, an Eighth Amendment claim for a failure to provide adequate medical care, and a claim for retaliation. (Doc. 1.) It is simply not one involving exceptional circumstances.

At this stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits because his complaint has not yet been screened. 28 U.S.C. § 1915A. Nevertheless, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

4

Regarding Plaintiff's motion for the appointment of an expert psychologist, district courts have the authority to appoint expert witnesses. *See Students of Cal. Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir.1984) (citing Federal Rule of Evidence 706), *vacated on other grounds*, 471 U.S. 1484 (1985). An expert witness may testify to help the trier of fact understand the evidence or determine a fact in issue. Fed. R. Evid. 702. Under Rule 706(a), the Court may on its own motion or on the motion of another party, appoint an expert witness. Fed. R. Evid. 706(a) The decision whether to appoint a neutral expert is discretionary. *See Claiborne v. Blauser*, 934 F.3d 885, 889 (9th Cir. 2019) (citing *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991) [court held district court had discretion to appoint an expert witness in prisoner civil rights case with complex scientific evidence]). Appointment of an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue...." *Torbert v. Gore*, No. 14CV2911-BEN-NLS, 2016 WL 3460262, at *2 (S.D. Cal. June 2016); *see also Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("[a] Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters").

Before appointing an expert witness under Rule 706, the Court must consider several substantive factors. The Court must analyze whether: (1) expert testimony is necessary or significantly useful for the trier of fact to comprehend a material issue in a case; (2) the moving party has produced some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony; (3) certain circumstances or conditions of a party limit the effectiveness of the adversary process to result in accurate fact finding; and (4) the legal basis of plaintiff's claims entitles him to special consideration by the Court. *Gorton v. Todd*, 793 F.Supp.2d 1171, 1185 (E.D. Cal. June 29, 2011) (court found the decision to appoint a neutral expert witness is discretionary; however, a magistrate judge is required to provide a reasoned explanation for denial of prisoner's motion for appointment of neutral expert).

Here, Plaintiff's request is premature—he simply asks that an expert psychologist be appointed without explaining how an expert witness would assist a trier of fact. Plaintiff makes

5

1    no effort to show why expert testimony is necessary or significantly useful in this case, and has
2    produced no evidence to demonstrate that a serious dispute could be resolved through expert
3    testimony.  Plaintiff has not identified any circumstances or conditions that limit the effectiveness
4    of the adversarial process, or any legal basis that would entitle him to special consideration.

5    Plaintiff also fails to explain whether he seeks a neutral expert or an advocate, although it
6    appears he is seeking a psychological expert to support his case.  If so, appointing an expert
7    witness to assist Plaintiff would be an improper use of Rule 706(a). *Dillingham v. Garcia*, No.
8    1:18-cv-00579-NONE-EPG (PC), 2020 WL 2770075, at *2 (E.D. Cal. May 28, 2020) (denying
9    request for appointment of counsel where it appeared plaintiff did not request a neutral witness)
10   (citing *Faletogo v. Moya*, No. 12cv631 GPC (WMC), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12,
11   2013) (Rule 706(a) "does not contemplate court appointment and compensation of an expert
12   witness as an advocate for one of the parties")).

13   Finally, regarding Plaintiff's motion for the appointment of an investigator, Section 1915
14   of Title 28 of the United States Code authorizes federal courts to permit commencement of a suit
15   without prepayment of fees and costs upon a showing of indigency and allows indigents who are
16   unable to pay the entire filing fee upon filing to pay in installments. *See* 28 U.S.C. § 1915(a) &
17   (b). However, § 1915 does not authorize or require federal courts to finance or subsidize a civil
18   action or appeal by paying expert fees or other costs. *Hadsell v. Comm'r of IRS*, 107 F.3d 750,
19   752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). The expenditure of public
20   funds on behalf of an indigent litigant is proper only when authorized by Congress. *See U.S. v.*
21   *MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

22   Plaintiff has not shown any Congressional authority for the appointment and payment for
23   a private investigator for him. *See Gaines v. Harbert*, No. 07cv1320-J(CAB), 2009 WL 1481327,
24   at *1 (S.D. Cal. May 27, 2009) (denying pro se prisoner's motion for appointment of investigator
25   as Section 1915 does not require federal courts to pay expert fees or other costs); *Khademi v.*
26   *South Placer Co. Jail*, No. 2:21-cv-1498 KJM DB P, at *1 (E.D. Cal. Oct. 18, 2021) ("the court is
27   aware of no authority permitting it to provide plaintiff [a state prisoner proceeding pro se] an
28   investigator").

In sum, Plaintiff is neither entitled to the appointment of counsel, nor to the appointment of an expert or an investigator.

**I.     CONCLUSION AND ORDER**

For the reasons stated above, the Court HEREBY ORDER that:

1. Plaintiff's motion to set aside the information (Doc. 13) is DENIED; and
2. Plaintiff's motion for the appointment of counsel, appointment of an expert, and appointment of an investigator (Doc. 14) is DENIED.

IT IS SO ORDERED.

Dated:   **May 2, 2022**                          /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE