UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01261-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR A FAILURE TO PROSECUTE AND FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESS**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Davood Khademi is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT BACKGROUND**

Plaintiff filed his original complaint on August 19, 2021. (Doc. 1.) On September 10, 2021, Plaintiff filed a motion for temporary restraining order and preliminary injunction. (Doc. 11.) On September 23, 2021, Plaintiff filed a notice of change of address. (Doc. 12.)

On November 4, 20121, Plaintiff filed a motion to set aside the information (Doc. 13), and on December 15, 2021, he filed a motion for appointment of exert psychologist and investigator or attorney (Doc. 14). On February 2, 2022, Plaintiff filed another notice of change of address. (Doc. 15.)

On April 27, 2022, the undersigned issued Findings and Recommendations to deny Plaintiff's motion for temporary restraining order. (Doc. 16.)

On May 2, 2022, the undersigned issued an order denying Plaintiff's motion to set aside the information and motion to appoint expert and investigator and/or attorney. (Doc. 17.)

On May 23, 2022, District Judge Dale A. Drozd issued an Order Adopting Findings and Recommendations and Denying Plaintiff's Motion for a Temporary Restraining Order. (Doc. 18.) The order was served on Plaintiff via U.S. Mail at his address then on file with the Court.

On June 15, 2022, the docket reflects the Order previously served upon Plaintiff on May 23, 2022, was returned by the United States Postal Service marked "Undeliverable, Return to Sender, and Unable to Forward."

## II.   DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to the Court's docket, Plaintiff's address change was due no later than August 22, 2022. A total of 63 days has elapsed since the mail directed to Plaintiff was returned to the Court marked as undeliverable. Plaintiff has failed to file a change of address and has not otherwise been in contact with the Court. Therefore, Plaintiff has failed to comply with this Court's Local Rules and has failed to prosecute this action.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Turning to the determination whether this Court should dismiss the action, Plaintiff's failure to file a notice of change of address after May 23, 2022, weighs in favor of dismissal. This is particularly so where Plaintiff has previously advised the Court of two prior address changes (*see* Docs. 12 [from North Kern State Prison to Salinas Valley State Prison] & 15 [from Salinas Valley State Prison to Atascadero State Hospital]). Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket —weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41; *Henderson*, 779 F.2d at 1423; *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1227 (9th Cir. 2006).

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has appeared in this action, the case has been pending for more than one year.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped communicating with the Court altogether. *In re PPA*, 460 F.3d at 1228.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

3

*Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. An order warning Plaintiff that a failure to obey will result in dismissal did not issue here. This Court's local rules, however, warn parties of the possibility of dismissal in a situation such as this: "[T]he Court may dismiss the action without prejudice for failure to prosecute" where a party appearing *pro se* fails to keep the Court advised as to his current address. *See* Local Rule 183(b). Plaintiff was familiar with this obligation and previously notified the Court of two prior address changes. Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's local rules.

### III.     CONCLUSION AND RECOMMENDATION

The Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this action and failure to keep the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **August 30, 2022**                         /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE