1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    DAVOOD KHADEMI,                          Case No. 1:21-cv-01261-ADA-SKO (PC)

12              Plaintiff,                      **FINDINGS AND RECOMMENDATIONS
                                                TO DENY PLAINTIFF'S FILING**
13         v.                                   **CONSTRUED AS A MOTION TO REOPEN
                                                THIS ACTION**
14    NORTH KERN STATE PRISON, et al.,
                                                (Doc. 23)
15              Defendants.
                                                **14-DAY OBJECTION PERIOD**
16

17         Plaintiff Davood Khademi is proceeding *pro se* and *in forma pauperis* in this closed civil

18    rights action brought pursuant to 42 U.S.C. § 1983.

19    **I.    RELEVANT PROCEDURAL BACKGROUND**

20         Plaintiff filed his original complaint on August 19, 2021. (Doc. 1.)

21         On September 10, 2021, Plaintiff filed a motion for temporary restraining order and

22    preliminary injunction. (Doc. 11.)

23         On September 23, 2021, Plaintiff filed a notice of change of address. (Doc. 12.)

24         On November 4, 2021, Plaintiff filed a motion to set aside the information (Doc. 13), and

25    on December 15, 2021, he filed a motion for appointment of expert psychologist and investigator

26    or attorney (Doc. 14).

27         On February 2, 2022, Plaintiff filed another notice of change of address. (Doc. 15.)

28    //

1    On April 27, 2022, the undersigned issued Findings and Recommendations to deny

2  Plaintiff's motion for temporary restraining order. (Doc. 16.)

3    On May 2, 2022, the undersigned issued an Order denying Plaintiff's motion to set aside

4  the information and motion to appoint expert and investigator and/or attorney. (Doc. 17.)

5    On May 23, 2022, District Judge Dale A. Drozd issued an Order Adopting Findings and

6  Recommendations and Denying Plaintiff's Motion for a Temporary Restraining Order. (Doc. 18.)

7  The order was served on Plaintiff via U.S. Mail at his address on file with the Court at that time.

8    A docket entry dated June 15, 2022, reflects the Order previously served upon Plaintiff on

9  May 23, 2022, was returned by the United States Postal Service marked "Undeliverable, Return

10  to Sender, and Unable to Forward."

11    The action was reassigned from District Judge Drozd to District Judge Ana de Alba on

12  August 24, 2022. (Doc. 19.)

13    On August 30, 2022, the undersigned issued Findings and Recommendations to Dismiss

14  the Action for Failure to Prosecute and Failure to Keep Court Apprised of Current Address. (Doc.

15  20.) Plaintiff was provided 14 days within which to file any objections. (*Id*. at 4.) Plaintiff failed

16  to file objections.  A docket entry dated September 6, 2022, reflects that the Findings and

17  Recommendations were returned by the United States Postal Service marked "Undeliverable,

18  Return to Sender, Not at Facility, Unable to Forward."

19    On September 28, 2022, Judge de Alba issued an Order Adopting Findings and

20  Recommendations to Dismiss This Action for a Failure to Prosecute and Failure to Keep Court

21  Apprised of Current Address. (Doc. 21.) This action was dismissed without prejudice and the case

22  was closed. (*Id*. at 2.) Judgment was entered on that same date. (Doc. 22.)

23    On January 23, 2023, Plaintiff filed an untitled document with this Court, referencing the

24  case number for this action and a Ninth Circuit Court of Appeals case number.[1] (Doc. 23.)  The

25  Court construes Plaintiff's most recent filing as a motion to reopen this action.

26

27

28  [1] The docket entry for this filing reads "Notice of Change of Address to 2351 Sunset Blvd, Suite 170, P.O.
Box 102, Rocklin, CA 95765 by Davood Khademi."

1   **II.     DISCUSSION**

2   ***Plaintiff's filing of January 23, 2023***

3       Plaintiff's filing is unclear. As an initial matter, the caption at the top reads "IN THE

4   NINTH CIRCUIT COURT OF APPEALS." (*See* Doc. 23.) Plaintiff provides a Ninth Circuit case

5   number of ":2215054." (*Id.*)  It also includes the following: "'1:21-cv-01261-ADA-SKO (PC)'"

6   and "*Khademi v. N. Kern State Prison*, 1:21-cv-01261-ADA-SKO (PC), (E.D. Cal. Sep. 28,

7   2022)." (*Id.*) On the left-hand side of the caption, Plaintiff entered "DAVOOD KHADEMI,

8   Appellant/petitioner Vs. Superior Court of California in and for the County of Placer,

9   Defendant/Respondent." (*Id.*)

10       In the document, Plaintiff states he "is having difficulty to reset or login in his pacer

11   account in order to move forward with this court in the mine time petitioner is filing his extended

12   US court of appeals case for the State court before the third appellate District Court, pending his

13   opening brief." (Doc. 23.) Plaintiff states his "[a]ddress changed after a week of residing in the

14   old address for the reason of his disability on the Grass Valley HWY Road Auburn Ca 95603."

15   (*Id.*) He then states that while he "moved out immediately after a week [he] retained the address

16   of the 2351 Sunset Blvd Suite 170 P.O. BOX 102, Rocklin Ca 95765." (*Id.*)

17       Plaintiff next contends that "[d]ue to an extremely busy Schedule," he was "not able to

18   access online or gain access to court" despite having "previously filed the motion for stay of the

19   pending case before the State court of appeals." (Doc. 23.) Plaintiff "moves this court due to his

20   financial situation and medical disability requests the change of Address and stay request in the

21   case ND 2215054" as he believes "there is an error in the Eastern District Court Case titles and

22   Case Number's There or before the Ninth Circuit Court of Appeals." (*Id.*) For those reasons,

23   Plaintiff states "Appellant needs extension of time before this court until Appellant can access the

24   Pacer and request the transcripts there of for all the cases filed before the Eastern District of

25   California and The Ninth Circuit Court of California." (*Id.*)

26   //

27   //

28   //

1          *Analysis*

2          Although Plaintiff does not set forth a rule of procedure, liberally construed, the Court

3   will treat the motion as a Rule 60 motion for relief from judgment or order. Fed. R. Civ. P. 60(b).[2]

4          Federal Rule of Civil Procedure 60(b) provides in pertinent part:

5                    **Grounds for Relief from a Final Judgment, Order, or
                     Proceeding.** On motion and just terms, the court may relieve a party
6                    or its legal representative from a final judgment, order, or proceeding
                     for the following reasons:
7
                     (1) mistake, inadvertence, surprise, or excusable neglect;
8
                     (2) newly discovered evidence that, with reasonable diligence, could
9                    not have been discovered in time to more for a new trial under Rule
                     59(b);
10
                     (3) fraud (whether previously called intrinsic or extrinsic),
11                   misrepresentation, or misconduct by an opposing party;

12                   (4) the judgment is void;

13                   (5) the judgment has been satisfied, released, or discharged; it is
                     based on an earlier judgment that has been reversed or vacated; or
14                   applying it prospectively is no longer equitable; or

15                   (6) any other reason that justifies relief.

16         A motion under subsections (1), (2), and (3) of Rule 60(b) must be filed within one year,

17   and motions under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P.

18   60(c)(1). Under the catchall provision of Rule 60(b)(6), the Court has the power to reopen a

19   judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*,

20   507 U.S. 380, 393 (1993).

21         Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the

22   interests of finality and conservation of judicial resources." *Kona Entres., Inc. v. Estate of Bishop*,

23   229 F.3d 977, 890 (9th Cir. 2000) (citations omitted); *see also Harvest v. Castro*, 531 F.3d 737,

24   749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration

25   under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his

26   control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citations omitted). "A motion for

27   _____

28         [2] Judgment was entered and the case was closed on September 28, 2022. (Doc. 22.)

                                                    4

1    reconsideration should not be granted, absent highly unusual circumstances, unless the district

2    court is presented with newly discovered evidence, committed clear error, or if there is an

3    intervening change in the controlling law," and it "may not be used to raise arguments or present

4    evidence for the first time when they could reasonably have been raised earlier in the litigation."

5    *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

6    (internal quotations marks & citations omitted).  Local Rule 230(j) requires, in relevant part, that

7    a movant show "what new or different facts or circumstances are claimed to exist which did not

8    exist or were not shown" previously, "what other grounds exist for the motion," and "why the

9    facts or circumstances were not shown" at the time the substance of the order which is objected to

10   was considered.  Plaintiff's filing does not identify any basis under Rule 60 to support a

11   reconsideration of the Court's order dismissing this action.

12         To the extent Plaintiff's motion can be construed to claim mistake, inadvertence, surprise,

13   or excusable neglect as a basis for relief (Fed. R. Civ. P. 60(b)(1)), such a claim is not persuasive.

14   Plaintiff's vague reference to a possible mistake or "error" involves his assertion concerning

15   "Case titles and Case Number's." Any mistake in that regard is Plaintiff's own doing.

16         The instant action, despite the caption in Plaintiff's filing, does not involve the Placer

17   County Superior Court. Plaintiff's complaint names correctional employees and prison officials at

18   North Kern State Prison and asserts Eighth Amendment claims of excessive force, a lack of

19   medical care and a lack of food. (*See* Doc. 1.) The Ninth Circuit Court of Appeals case number

20   22-15054, titled "Davood Khademi v. Kelly Santoro," arises from Plaintiff's appeal in the

21   Sacramento Division case number 2:21-cv-00902-WBS-KJN and judgment entered by District

22   Judge William B. Shubb on October 28, 2021. In that habeas corpus action following Khademi's

23   conviction in the Placer County Superior Court, respondent's motion to dismiss Khademi's

24   petition for writ of habeas corpus as premature was granted and the action was dismissed without

25   prejudice. (2:21-cv-00902, docket entry number 47.)

26         Plaintiff did not appeal Judge de Alba's September 28, 2022, "Order Adopting Findings

27   and Recommendations to Dismiss This Action for a Failure to Prosecute and Failure to Keep

28   Court Apprised of Current Address" in this civil rights action. Thus, Plaintiff's appeal before the

1   Ninth Circuit Court of Appeals concerns the judgment in the Sacramento Division case—not the

2   judgement in this case.

3           Plaintiff's assertion that he "retained the address of the 2351 Sunset Blvd Suit[e] 170 P.O.

4   BOX 102, Rocklin Ca 95765" after leaving the Auburn California address is misplaced. When

5   Plaintiff filed his complaint in this case in August 2021, he was incarcerated at Kern Valley State

6   Prison in Delano. (Doc. 1.) The following month, Plaintiff filed a change of address indicating he

7   had been moved to Salinas Valley State Prison. (Doc. 12.) In February 2022, Plaintiff filed

8   another notice of change of address, reflecting a move from Salinas Valley State Prison to

9   Atascadero State Hospital. (Doc. 15.) When the undersigned recommended dismissal of this

10  action for Plaintiff's failure to keep the court apprised of his current address, the address on file

11  with the Court was Atascadero State Hospital. Prior to January 23, 2023, Plaintiff  did not advise

12  this Court of his Sunset Boulevard address in Rocklin, California. Therefore, service on Plaintiff

13  at the Atascadero State Hospital was proper since there was no notice of the Rocklin, California

14  address.

15          Plaintiff's statement concerning his "extremely busy schedule" does not excuse his failure

16  to keep this Court apprised of his current address and his failure to prosecute this action.

17  Plaintiff's statement that he was unable to access Pacer or file electronically is also misplaced

18  because Plaintiff did not have this Court's permission to file documents electronically in this case.

19  *See* Local Rule 183(c) ("Pro se parties must file documents conventionally, and any person

20  appearing pro se may use electronic filing only with the permission of the assigned Judge"). Thus,

21  this Court cannot conclude the judgment entered on September 28, 2022, should be set aside due

22  to mistake, inadvertence, surprise, or excusable neglect. Plaintiff has made no showing of newly

23  discovered evidence or fraud (*see* Fed. R. Civ. P. 60(b)(2) & (3)), and neither subsection (4) or

24  (5) of Rule 60(b) appear to be applicable here. In any event, Plaintiff makes no such showing and

25  no other reason justifies relief. Fed. Civ. P. 60(b)(6).

26          In sum, Plaintiff has not set forth facts or law to support a request for reversal of the

27  Court's prior decision. Fed. R. Civ. P. 60(b); Local Rule 230(j). There are no extraordinary or

28  highly unusual circumstances justifying relief. *Kona Entres., Inc. v. Estate of Bishop*, 229 F.3d at

890; *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d at 880. The undersigned will therefore recommend Plaintiff's filing, construed as a motion to reopen this action, (Doc. 23), be denied.

### III.    FINDINGS AND RECOMMENDATIONS

For the reasons set forth above, it is recommended that Plaintiff's filing or motion dated January 23, 2023, (Doc. 23), be denied.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 16, 2023**                          */s/ Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE